IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LENIN MENDOZA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-792-A |
| | § | (NO. 4:15-CR-041-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Comes now for consideration the motion of Lenin Mendoza ("Mendoza"), under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Upon reviewing the motion, the government's response, and relevant legal authorities, the court concludes that movant's motion should be denied.

I.

Background

On March 13, 2015, movant pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Cr. Doc. 54.[1] On July 26, 2015, the court sentenced movant to a term of imprisonment of 240 months, to be followed by a three-year term of supervised release. Cr. Doc. 77. The United States Court of

---

[1] The "CR Doc." references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:15-CR-041-A.

Appeals for the Fifth Circuit affirmed movant's conviction and sentence. Cr. Doc. 92. Movant did not seek certiorari review and his conviction became final on July 19, 2016.

II.

Movant's Stated Grounds for Relief

In support of his motion, movant puts forth two grounds for relief:

> GROUND ONE: The Petitioner was deprived of Constitutionally Effective Assistance of Counsels, thereby violating the Sixth Amendment and 18 U.S.C. § 3006A.
>
> (a) Supporting Facts . . . :
>
> Court Appointed Appellate Counsel was Constitutionally Ineffective for failing to investigate the criminal case for possible issues. In the event Tiffany A. Talamantez had investigated the criminal case, she would have discovered that the Court accepted the Petitioner's guilty plea without making known to him that he had a right to preserve certain issues for appeal in a contract (A.K.A. Plea Agreement). This failure constituted a deprivation of right to contract. See 42 U.S.C. § 1981. Appellate Counsel was duty bound by A.B.A. standards to raise this "PLAIN ERROR" issue.
>
> Court Appointed Trial Counsel failed to provide Constitutionally Effective Assistance of Counsel by:
>
> [1)] Counsel Danny Burns advised the Petitioner to withdraw his motion to withdraw his guilty plea stating that if he did not, he would get a life sentence.
>
> 2) Counsel Danny Burns xfailed to advise the Petitioner that by pleading guilty without a plea agreement, he could be found guilty and sentenced for conduct that he did not commit and had no knowledge of.

2

3) Counsel Danny Burns failed to object to the Court's appointment of an interpreter whose dialect of spanish did not provide a reasonable understanding of the Court proceedings.

4) Counsel Danny Burns enticed the Petitioner to plea guilty based upon his erroneous 'miscalculation of the Petitioner's sentencing guidelines.

5) Counsel Danny Burns failed to advise the Petitioner that he had the specific right to request consent to "reserve in writing the right to have an Appellate Court review of adverse determination . . . " pursuant to Fed. R. Crim. P., Rule 11(a)(2) and 42 u.s.c. § 1981.

6) Had Counsel drafted a plea agreement that specified particular stipulated facts, rather than allowing the Petitioner to enter a cover-all verbal plea that he did not understand, then the Petitioner would have had his right to specific performance reserved pursuant to 42 u.s.c. § 1981. Had a proper plea agreement been negotiated by counsel, the Petitioner would have been exposed to a lower sentence liability. The Petitioner has thus been prejudiced by Counsel's Ineffectiveness.

. . . .

GROUND TWO: The Court sentenced the Petitioner in violation of his Fifth Amendment right to due process of law, to WIT:

(a) Supporting Facts . . . :

1) The Court failed to comply with the mandates passed by Congress in 18 U.S.C. §3006A, which requires that the Court appoint adequate representation. Obviously, if Court appointed counsel was so ineffective that he failed to protect his client's right to Due Process and his right to contract, then the Court's appointment is a failure to comply with 18 U.S.C. § 3006A. The Petitioner is thus prejudiced by the Court's failure to uphold the Constitution of the United States constituting a "PLAIN ERROR".

2) The Court failed to advise the Petitioner of any reasonable sentence exposure or the Court's obligation to calculate the applicable sentencing guideline range and to consider that range.

3) The Court failed to comport with the Due Process requirement of ensuring that the Plea is voluntary. In the Petitioner's criminal case, his sentence exposure was directly dictated by a mysterious drug weight. The Petitioner, having knowledge of the drug weight he was in possession of, trialxcounsel calculating his sentence exposure based upon that weight, and then the Court calculating a sentence based on a different weight, renders the Petitioner's plea of guilty unknowing and involuntary.

In the Petitioner's criminal case, the government has written itself a blank check that was cashed by the Court in its efforts to divert American tax dollars into the Judicial District. In this the Petitioner's criminal case, an information was filed that specified no drug weight. The Court appointed appellate counsel who not only misadvised the Petitioner, but who also provided no adversarial testings that would have provided the Petitioner with a reasonable expectation of sentence exposure. The government then provided the Court with questionable testimony upon which. the Court elevated the Petitioner's sentence exposure resulting in the Petitioner having no reasonable expectation and/or knowledge of what conduct he would be sentenced for. The Petitioner was therefore prejudiced by being sentenced for conduct he had no idea he could be held culpable for at the time of plea agreement constituting a "PLAIN ERROR".

Doc. 1 at 4-7.[2]

---

[2] The "Doc.___" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-792-A.

III.

Analysis

A. Pertinent Legal Principles

   1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2.  Legal Standards for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466

U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

To satisfy Strickland's prejudice standard when a claim of ineffective assistance of counsel relies on the competence of advice provided during plea negotiations, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). "When the petitioner challenges the performance of his appellate counsel, he must show that with effective counsel, there was a reasonable probability that he would have won on appeal." Moreno v. Dretke, 450 F.3d 158, 168 (5th Cir. 2006).

B. The Grounds Are Frivolous

Within Ground One, movant directs arguments at the performance of Danny Burns, who represented movant in his effort to withdraw his guilty plea ("Special Trial Counsel"), and Tiffany Talamantez, who represented movant on appeal ("Appellate Counsel"). The court begins with movant's allegations directed at Special Trial Counsel.

7

Movant first argues that Special Trial Counsel, an attorney appointed specifically to ensure the voluntariness of movant's guilty plea, induced plaintiff's guilty plea.[3] More specifically, movant argues that Special Trial Counsel lied to him about his likely sentence in the event that he withdrew his motion to withdraw his guilty plea, or alternatively that Special Trial Counsel miscalculated his sentence at that time, and that Special Trial Counsel threatened that, if movant did not withdraw his motion and reinstate his guilty plea, he would receive a life sentence upon being found guilty at trial. As the government briefing demonstrates, however, movant not only had numerous opportunities to make such claims but indeed did so with regard to his first appointed attorney, which prompted the court to appoint Burns as Special Trial Counsel for movant's motion to withdraw his guilty plea. The court discerns no basis for concluding that Special Trial Counsel failed to fulfil such role.

At his March 13, 2015 rearraignment, movant, who was represented by Erin Hendricks ("Trial Counsel") through that point in his case, was given an explanation of his trial rights

---

[3] The court first addresses in this section movant's points directed at the performance of Danny Burns that appear in paragraphs one, two, and four within Ground One. The court then addresses movant's point three in Ground One. Finally, the court addressed movant's points five and six in Ground One, before turning to movant's arguments in Ground One that are directed at the performance of appellate counsel.

8

and the consequences of the waiver of those rights. Cr. Doc. 85 at 11-13. When movant was asked whether he understood those rights and the consequences of waiving those rights, movant stated that he did. Id. at 13. At the hearing, movant was also admonished of the importance of entering his guilty plea in a knowing and voluntary manner. Id. at 15. Further, movant was informed that, in federal court, the judge is responsible for determining the appropriate penalty notwithstanding the defendant's decision to enter a guilty plea and that "the penalty would be decided on the basis of the facts set forth in the pre-sentence report and heard here." Id. at 14-15. Movant acknowledged understanding of the sentencing scheme to which he was subject and proceeded to enter a plea of guilty. Id. at 21, 34.

Despite his statements made at the rearraningment hearing, movant, on May 28, 2016, filed with the court a motion to withdraw his guilty plea on the basis that movant "was not given full disclosure of the charges," before entering a guilty plea that he then claimed he had "signed under duress" as a result of his attorney failing to give him a "full disclosure of the penalties involved."[4] Cr. Doc. 61. On May 29, 2016, the court

---

[4] Movant, in his motion to withdraw his plea, expressed concern
(continued...)

9

appointed Special Trial Counsel to represent movant in his effort to withdraw his guilty plea. Cr. Doc. 64.

On June 12th, 2015, a hearing was held on movant's motion to withdraw his guilty plea. Cr. Doc. 67. At that hearing, Special

---

(...continued)
that his guidelines range was inconsistent with his expectations, stating:

> I, Lenin Mendoza, would like to retract my guilty plea on the grounds that I was not given full disclosure of the charges at the time I had given my plea. I signed under duress and my attorney had told me that if I was to plead guilty that I was facing level 26 and on the 1st category level and I was looking at 70-87 months and now the Presentence Investigation Report has a level of 37 and a criminal history category of 2 and the range is 235 months to 293 months which is Zone D, for the maximum sentence of no more than 240 months.
>
> That is not what I had agreed to Judge McBryde so evidentially my attorney did not give me a full disclosure of the penalties involved. So your honor I change my plea to not guilty, and do not consent nor agree or accept any other plea. I will be able to prove beyond a reasonable doubt that the fabricated charges will be discredited.
>
> I am working and studying Federal Rule of evidence 609.4 on the impeachment by prior convictions in federal jurisdiction.
>
> I am being accused of "Extrinsic Evidence," there was never a complete revelation of all material facts claiming duress under necessity chooses to act in a way that the law ultimately approved, under circumstances which make conviction and punishment inappropriate, unfair, I apologize for my ignorance of the law and ask you to please retract my guilty plea and grant me the opportunity to properly defend myself as best I know how. I do not consent or accept to this plea arrangement of guilty. Thank you Judge Mc Bryde.

Cr. Doc. 61 (Errors in Original). Thus, movant did not purport to base his desire to withdraw on a misunderstanding of what was discussed at his rearraignment but instead did so based on his dissatisfaction with the drug quantities that were attributed to him.

Trial Counsel informed the court that Special Trial Counsel and movant had discussed his waiver of the attorney-client privilege with regard to Trial Counsel, confirmed that Special Trial Counsel had communicated to defendant the risk that, by withdrawing his guilty plea, he could face a different set of charges, and stated that movant, despite this explanation, wished to withdraw his motion to withdraw his guilty plea. Cr. Doc. 86 at 6-7. Movant was then asked directly by the court to confirm that he understood the information conveyed by Special Trial Counsel, to confirm that he agreed with the accuracy of the report, and and to confirm that he wished to withdraw his motion to change plea. Id. at 7. Movant responded affirmatively to each inquiry. Id. Indeed, movant not only withdrew his motion to withdraw his guilty plea but also went so far as to altogether retract his allegations regarding trial counsel, instead affirming that he was satisfied that Trial Council "had conducted herself properly in all respects." Id. at 7-8. Movant's allegations in the instant motion regarding Special Trial Counsel are insufficient to overcome such statements made under oath at the time that he pleaded guilty and at the time that he withdrew his motion to withdraw his guilty plea.

Movant further argues that Special Trial Counsel was ineffective insofar as trial counsel failed to procure a

11

suitable[5] interpreter for movant on the grounds that the interpreter procured by Special Trial Counsel did not speak his dialect of Spanish. However, movant does not allege any prejudice resulting from his alleged inability to understand the special proceedings. Thus, movant's claim fails both <u>Strickland</u> prongs.

Finally, movant argues that counsel was ineffective for depriving him of his right to contract insofar as counsel failed to secure a plea bargain. However, precedent of the Supreme Court and this circuit resoundingly establishes and reinforces the proposition that a federal prisoner has no right to a plea agreement. <u>See, e.g.</u>, <u>Weatherford v. Bursey</u>, 429 U.S. 545, 561 (1977). Thus, the absence of a plea bargain in petitioner's case provided an insufficient basis for movant to attack his conviction.

In arguing that appellate counsel was ineffective, movant argues that, had appellate counsel investigated the case, counsel would have realized that movant has been deprived of the right to contract. As explained, however, such claim is frivolous. Movant

---

[5] The court notes that movant was provided an interpreter at his rearraignment, Cr. Doc. 85 at 3-4, at his hearing on motion to withdraw guilty plea, Cr. Doc. 86 at 5-6, and for his meeting with Special Trial Counsel in anticipation of his hearing on motion to withdraw guilty plea, Cr. Doc. 66. Moreover, movant's primary counsel represented to the court that she spoke fluent Spanish and was able to discuss the Presentence Report with movant, and movant expressed no disagreement with Trial Counsel's representations. Cr. Doc. 80 at 3-4.

identifies no other issue that he would have wished to preserve via plea agreement had such agreement been negotiated. Thus, movant has failed to establish that counsel's appellate performance was deficient and that such performance was prejudicial.

The court discerns that, within Ground Two, movant wishes to challenge the voluntariness of his guilty plea. As explained above, however, such a claim is refuted by the record. Moreover, to the extent movant's claim in Ground Two is distinct from movant's claim of ineffective assistance of counsel during his plea proceedings, such claim was addressed and dismissed as frivolous on direct appeal. To the extent that movant intends to argue in Ground Two that the court's application of the sentencing guidelines was erroneous in light of his guidelines range, such argument was also dismissed as frivolous on direct appeal. Moreover, such arguments are generally cognizable only on direct review. Movant provides no grounds to overcome that presumption.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

13

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 17, 2016.

_____
JOHN McBRYDE
United States District Judge